**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02060-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

DONNA EVANS, and
JOSEPH SHADOWENS,

    Petitioners,

v.

DEPARTMENT OF HOMELAND SECURITY,
(LOCAL POLICE),
(COUNTY SHERIFF),
ALL LAW ENFORCEMENT CO. & OTHERWISE,
LITTLETON FEDERAL CORRECTIONS (ANY MENTAL HEALTH FACILITY),
ALL DENVER AREA FACILITIES,
ALL CSC AND SURROUNDING FACILITIES,
EL PASO CO, and
ALL OTHER FEDERAL & LOCAL FACILITIES,

    Respondents.

**ORDER DIRECTING PETITIONER TO CURE DEFICIENCY**

    Donna Evans, who lists herself as a Petitioner, has filed a Petition for Writ of Habeas Corpus seeking immediate injunctive relief from the allegedly unlawful custody of Joseph Shadowens, who also is named as a Petitioner.  Because Ms. Evans is not seeking relief on her own behalf, the court construes the petition liberally as being filed by Ms. Evans as "next friend" to Mr. Shadowens.  See 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf").  However, Ms. Evans is

not properly named as a Petitioner.  *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (noting that a "next friend" does not herself become a party to the habeas corpus action she is litigating).

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted document is deficient as described in this order. Petitioner will be directed to cure the following if he wishes to pursue any claims in this court in this action.  Any papers that Petitioner files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   xx     is not submitted
(2)   __     is missing affidavit
(3)   __     is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   xx     is missing certificate showing current balance in prison account
(5)   __     is missing required financial information
(6)   __     is missing an original signature by the prisoner
(7)   __     is not on proper form (must use the court's current form)
(8)   __     names in caption do not match names in caption of complaint, petition or habeas application
(9)   xx     other: <u>motion is necessary only if $5.00 filing fee is not paid</u>.

**Complaint, Petition or Application**:
(10)  __     is not submitted
(11)  xx     is not on proper form (must use the court's current form)
(12)  xx     is missing an original signature by the prisoner
(13)  __     is missing page nos. __
(14)  __     uses et al. instead of listing all parties in caption
(15)  __     names in caption do not match names in text
(16)  __     addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17)  xx     other: <u>only proper Respondent is Petitioner's custodian</u>.

In addition to these deficiencies, the court notes that Donna Evans fails to establish that she has standing to proceed in this action on behalf of Petitioner Joseph Shadowens.  Standing under § 2242 is not granted automatically to everyone seeking to

2

proceed on another's behalf.  *See Whitmore*, 495 U.S. at 163.  The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242.  *Id*.  These requirements are:

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id*.  In addition to these two prerequisites, it has been suggested that a "next friend" must have some significant relationship with the real party in interest.  *Id.* at 163-64.

Ms. Evans fails to demonstrate that Petitioner is unable to appear on his own behalf to prosecute this action or that she is truly dedicated to his best interests.  Ms. Evans also fails to explain the nature of her relationship with Mr. Shadowens.  Furthermore, Ms. Evans may not act as Petitioner's next friend unless she is represented by counsel.  *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (holding that a minor child cannot bring suit through a parent acting as next friend unless the parent is represented by counsel).  As a result, Ms. Evans will be ordered to show cause why she should be allowed to prosecute this action as Petitioner's next friend.  Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Petitioner files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that the clerk of the court mail copies of this order to both Joseph Shadowens at the Federal Correctional Institution, 9595 West Quincy Avenue, Littleton, Colorado, 80123, and to Donna Evans at the address provided in the petition.

It is

FURTHER ORDERED that Petitioner shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that Donna Evans show cause in writing **within thirty (30) days from the date of this order** why she should be allowed to prosecute this action as Petitioner's next friend.  It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiencies and show cause as directed **within thirty (30) days from the date of this order**, the petition will be denied and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED August 8, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge